## DELILAH COLE v. EBENEZER TERPENNING, EXECUTOR.

*Costs — when allowed upon an appeal from the decree of a surrogate — Code of Civil Procedure,* §§ 2550, 2585, 2589, 3240.

Where upon an appeal from a decree of a surrogate, denying a petition to compel the payment of legacies, on the ground that the claim is barred by the statute of limitations, the General Term affirms the judgment, it may award costs at the same rates as are allowed upon an appeal from a judgment.

MOTION to amend the judgment or order of affirmance, entered in this action at a former term. The decision then made is reported in 25 Hun, at page 482.

*J. M. Fiero*, for the plaintiff.

*F. L. Westbrook*, for the defendant.

BY THE COURT:

At the January General Term this court affirmed a decree of the surrogate of Ulster county, with costs. The decree was rendered upon a petition for the payment of legacies. The statute of limitations was pleaded in bar of the petitioner's application. Such plea was sustained and a decree entered, denying the petitioner's claim on that ground. On appeal from such decree the same was affirmed with costs. A motion is now made to correct the judgment or order of affirmance, by striking out the words "costs," and

inserting in lieu thereof "ten dollars costs and printing disbursements."

We think there was no error in affirming the decree with costs. It was the final determination of the rights of the party to a special proceeding in the surrogate's court. (Code of Civil Procedure, § 2550.) The appeal was in effect from a judgment, and the effect and mode of proceeding is the same. (Id., § 2585.) By section 2589 the appellate court may award to the successful party the costs of the appeal. Costs in such proceedings may be awarded at the rates allowed for similar services in an action brought in the same court in like manner. (§ 3240.)

The analogy between this appeal and one from a judgment is so complete as under the provisions, as well as a matter of right, to demand full costs of appeal in the appellate court. The decision as made was correct, and the motion to amend the order of affirmance must be denied, with ten dollars costs of motion.

LEARNED, P. J., and LANDON, J., concurred.

Motion to correct order denied with ten dollars costs.